**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ALVIN EDMONDS, Individually and for Others Similarly Situated,<br><br>v.<br><br>M.A.A.C. LOGISTICS LLC. | Case No. 4:25-cv-2270<br><br>Jury Trial Demanded<br>FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |

**EDMONDS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Pursuant to FED. R. CIV. P. 55(b)(2), Plaintiff Alvin Edmonds (Edmonds or Plaintiff) requests the Court enter a Default Judgment in the amount of $8,096.00 against Defendant M.A.A.C. Logistics LLC (M.A.A.C. Logistics or Defendant). In support of this request, Plaintiff relies on his own declarations (Exhibit 1), and the declaration of his attorney (Exhibit 2).

**1. Factual and Procedural History.**

Edmonds initiated this action on May 16, 2025, against M.A.A.C. Logistics LLC. Doc. 1. Edmonds alleges that Defendant violated the Fair Labor Standards Act (FLSA) by failing to pay him and other drivers minimum wages by misclassifying them as independent contracts. Doc. 3. Edmonds also alleges that Defendant meets the FLSA definition of "employer" under the Fifth Circuit's joint employer test. Doc. 3; *see also Gray v. Powers*, 673 F.3d 352, 353-54 (5th Cir. 2012).

Defendant has been served, and has failed to appear or file an answer. Doc. 8. Plaintiff's Request for Entry of Default has been granted. Doc. 10.

**2. Arguments and Authorities.**

An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). After default has been entered, plaintiff may apply for a judgment based on such default. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

### A. An entry of a default judgment is procedurally warranted here, where Defendant have failed to answer or appear.

In determining whether a default judgment is warranted, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). In *Pipe Wrap LLC v. P3 Indus. Technologies, Inc.*, the defendant was served with summons and complaint and failed to file an answer. No. CIVA H-08-0822, 2009 WL 2915921, at *3 (S.D. Tex. Aug. 31, 2009) (Rosenthal, J.). The court granted Plaintiff's motion for default judgment, holding "[Defendant's] failure 'to plead or otherwise respond to the complaint within the time required by the Federal Rules' is a clear default." *Id.*

### B. There is sufficient basis in the pleadings for a default judgment.

Courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In doing so, courts are to assume that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* The default judgment that is warranted by Defendant' failure to answer the live Complaint, demonstrating that Defendant concede the truth of the allegations of the Complaint. *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524-25 (5th Cir. 2002).

In this case, the Complaint and subsequent default establishes the following facts:

- Plaintiff and the Putative Class Members are current or former employees of M.A.A.C. Logistics (Doc. 3, at ¶¶ 29-39);
- Defendant willfully classified Plaintiff and the Putative Class Members as independent contractors (Doc. 3, at ¶¶ 86-90);
- Defendant's compensation policy violates the FLSA's mandate that non-exempt employees be compensated minimum wages. (Doc. 3, at ¶¶ 86-102);

- At all material times, Defendant was an employer within the meaning of FLSA 29 U.S.C. 203(d). (Doc. 3, at ¶¶ 11-15, 41-43).

When these allegations are taken as true, they clearly meet the elements necessary to prove Defendant's liability under the FLSA. Therefore, this Court should enter a default judgment against Defendant.

**C. Plaintiff's damages are mathematically calculable.**

Courts determine "what form of relief, if any, the [plaintiff] should receive." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). When the damage amount claimed by [Plaintiff] is mathematically calculable, no evidentiary hearing is required. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Instead, damages are determined by detailed affidavits and documentary evidence. *See Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 414 (5th Cir. 1998); *see also Compass Bank v. Alarcon*, No. 5:16-CV-66, 2017 WL 3253096, at *1 (S.D. Tex. Feb. 24, 2017).

Here, Plaintiff's claims for unpaid wages, liquidated damages, attorney's fees and costs are appropriate. 29 U.S.C. § 216(b). By failing to respond to Plaintiff's complaint, Defendant has admitted to all facts pleaded in Plaintiff's complaint, including that the minimum wage violations are willful. *See Nishimatsu Const.Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). Additionally, Plaintiff is owed liquidated damages. An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Nero v. Industrial Molding Corp.*, 167 F.3d 921, 921 (5th Cir. 1999) ("Under the FLSA, a district court may not exercise its discretionary authority to reduce of to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith.").

Plaintiff is entitled to reasonable attorneys' fees and costs. 29 U.S.C. §216(b) authorizes an award of attorneys' fees and costs to the prevailing Plaintiff in any proceedings to enforce the provisions of the FLSA. The Complaint in this case shows that this was a proceeding to enforce the provisions of the FLSA. Plaintiff, as the prevailing parties, is entitled to recover their reasonable attorney's fees and costs under the FLSA. *See* 29 U.S.C. §216.

Plaintiff has provided good faith estimations of his hours worked and calculated his minimum wage damages and liquidated damages. *See* Ex. 1 (Edmonds), at ¶¶ 9-18 (calculating $8,354.78 in unpaid overtime using a blended straight time rate of $17 to $20 per hour during two-year employment).

The Fair Labor Standards Act entitles Plaintiff to an equal amount in liquidated damages. *See* 29 U.S.C. § 216(b). "In cases of FLSA violations, the FLSA provides for actual damages in unpaid overtime as well as an 'additional equal amount as liquidated damages." *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013). Plaintiff' actual straight time hourly rates were also used in calculating Plaintiff' liquidated damages. Ex. 1 at ¶¶ 12, 17.

**D. Attorneys' Fees and Costs are Reasonable.**

"The FLSA authorizes a prevailing party in an FLSA proceeding to recover costs and attorney's fees, and the award of attorney's fees ... is mandatory." *Luster v. Desoto Kwik Kar, Inc.*, No. 3:13-CV-0940-B, 2013 WL 6164294, at *4 (N.D. Tex. Nov. 20, 2013). With regard to attorneys' fees, Plaintiff' Counsel provided a declaration which states that Plaintiff' attorneys' fees to date are $3,120.00. (*See* Exhibit 2). Additionally, Plaintiff are entitled to reimbursement of costs under 28 U.S.C. §1920 and have incurred costs of $510.00 for the filing fee, service of process fees, copies, and postage.

**3. <u>Conclusion</u>.**

Wherefore, Plaintiff respectfully request that the Court grant this Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) in the principal amount of $4,466.00, plus $3,120.00 in attorney's fees and $510.00 in costs for a total of $8,096.00.

Date: September 4, 2025.

Respectfully submitted,

*/s/ Carl A. Fitz*
**Carl A. Fitz**
Texas Bar No. 24105863
**FITZ LAW PLLC**
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
(713) 766-4000
carl@fitz.legal

**ATTORNEY FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

This Motion for Default Judgment was served on Defendant via CMRRR on September 5, 2025.

*/s/ Carl A. Fitz*
**Carl A. Fitz**