United States District Court
Southern District of Texas

**ENTERED**

May 20, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Alvin Edmonds, Individually and for Others Similarly Situated, | § § § § | |
| *Plaintiff*, | § § | Civil Action No. 4:25-cv-02270 |
| v. | § § § | |
| M.A.A.C. Logistics LLC, | § § § | |
| *Defendant*. | § § § | |

## MEMORANDUM AND RECOMMENDATION

This is a Fair Labor Standards Act ("FLSA") case. After obtaining entry of default, Dkt. 10, Plaintiff Alvin Edmonds filed a motion for default judgment against Defendant M.A.A.C. Logistics LLC ("Maac Logistics"). Dkt. 14. The motion requests unpaid minimum wages, liquidated damages, and attorneys' fees and costs. *See id.* at 3-4. After carefully considering Edmonds's submission, his pleading, the record, and the applicable law, it is recommended that his request for default judgment be granted in part, but that an award of damages, attorneys' fees, and costs should await an evidentiary hearing. Edmonds's subsequent (and duplicative) motion for entry of default, Dkt. 15, is denied as moot.

## Background

The following facts are alleged in the complaint. For purposes of the pending motion, they are taken as true at this stage.

Edmonds worked as a truck driver for Maac Logistics from March 2023 to February 2025. Dkt. 3 at 3. Edmonds regularly worked more than 24 hours straight and was often away from home for days or weeks at a time. *Id.* But he was paid on a "per-mile basis," which did not account for all his hours worked, including for non-driving tasks such as waiting with or securing the truck. *Id.* at 3-4. According to Edmonds, there are numerous workweeks for which he was paid less than the minimum hourly-wage rate, whether under the FLSA or the applicable state's minimum wage laws. *Id.* at 4. Edmonds complained to Maac Logistics, but nothing was done. *Id.*

Edmonds originally sued an entity named Maac Transport & Logistics LLC on May 16, 2025. Dkt. 1 at 3 (listing Maac Transport & Logistics, LLC as the sole defendant and its registered agent as Republic Registered Agent, LLC). On May 20, 2025, Edmonds amended his complaint, this time naming a new entity as defendant—M.A.A.C. Logistics, LLC. Dkt. 3 at 3 (listing Maac Logistics as the sole defendant and its registered agent as Anthony King). Edmond alleged, in his individual capacity and on behalf of "all the class of similarly situated employees or putative class members," federal claims under

2

the FLSA and state minimum wage claims under Arizona, Arkansas, Colorado, Illinois, and New Mexico law. *Id.*

Summons was issued on May 28, 2025. Dkt. 7. According to the return of service, the summons was served on Anthony King, "who is designated by law to accept service of process" on behalf of Maac Logistics. Dkt. 8.

Maac Logistics did not answer or otherwise appear to defend this case. That prompted Edmonds to request entry of default, which the clerk of court granted. Dkts. 9, 10. He then moved for default judgment, seeking damages, attorneys' fees, and costs. Dkt. 14. And despite the clerk's entry of default, Edmonds filed yet another motion for entry of default. Dkt. 15. The motions are ripe for resolution.

## Legal Standard

Default proceedings involve three steps: default, entry of default, and default judgment. *See* Fed. R. Civ. P. 55. A default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a). "An entry of default is what the clerk enters when a plaintiff establishes the default by affidavit or otherwise pursuant to Rule 55(a)." *Axcess Glob. Scis., LLC v. Ozcan Grp., Inc.*, 2024 WL 3259700, at *1 (S.D. Tex. July 1, 2024). A default judgment can then be entered if a plaintiff applies for such relief under Rule 55(b)(2). *See id.*

3

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability." *United States ex rel. M-CO Constr. Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). District courts have discretion to determine whether entry of default judgment is warranted. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). But the Fifth Circuit instructs that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A plaintiff "is not entitled to a default judgment as a matter of right," even if the defendant "is technically in default." *Lewis*, 236 F.3d at 767 (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)).

A request for default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quotation omitted). "The well-pleaded allegations are assumed to be true, except those regarding damages." *Axcess Glob. Scis., LLC*, 2024 WL 3259700, at *2 (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Any doubts about the appropriateness of a default judgment must be resolved in favor of the defaulting party. *See id.*

## Analysis

As a preliminary matter, Edmonds's amended complaint asserts claims under various states' minimum wage laws, Dkt. 3 at 6-13, but he does not seek default judgment on these claims. Edmonds has abandoned those claims, and the Court does not consider them further.

And although Edmonds brought this suit as a collective action, *see* Dkt. 3 at 11-13, no collective action has been certified. Nor has Edmonds amended the complaint to include any opt-in plaintiffs. *Cf. Dishmon v. Newkirk Logs., Inc.*, 2026 WL 234499, at *3-4 (N.D. Tex. Jan. 29, 2026) (denying default judgment because opt-in plaintiffs "are not named plaintiffs in the Complaint" and no collective action was certified). Rather, Edmonds seeks a default judgment for himself alone. *See* Dkt. 14 at 5.

As for Edmonds's FLSA minimum wage claim—the sole claim on which he seeks default judgment, and only in his individual capacity—default judgment is merited, both procedurally and substantively.[1] But a hearing is necessary to determine the appropriate relief.

---

[1] As a predicate to seeking default judgment, Edmonds filed a motion for entry of default on August 8, 2025, *see* Dkt. 9, which was granted by the clerk, Dkt. 10. Edmonds's duplicative and later-filed motion for entry of default, *see* Dkt. 15 (filed April 14, 2026), is therefore denied as moot.

I.    **Edmonds has shown that he properly served Maac Logistics.**

The Court must first confirm that it has jurisdiction to grant default judgment.  *See Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (describing this as the court's "affirmative duty" when addressing a motion for default judgment).   Subject-matter jurisdiction is proper because Edmonds's claim arises under federal law, namely the FLSA.  *See* Dkt. 3 at 4-6 (asserting FLSA claim); 28 U.S.C. § 1331 (federal question jurisdiction).  And for personal jurisdiction, the key question is whether Maac Logistics was properly served.  *See Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999); *see also Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015) (per curiam) (noting that "proper service of process is a jurisdictional prerequisite to the entry of a default judgment").  Absent valid service of process, any default judgment against Maac Logistics would be void.  *See Rogers*, 167 F.3d at 940.

There are two ways to serve business entities like Maac Logistics.  One option is to serve the entity under the law of the state where the district court is located or where service was made.  *See* Fed. R. Civ. P. 4(h)(1)(A) (incorporating Rule 4(e)(1)).  The second option is to serve the summons and complaint on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the

agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant …." Fed. R. Civ. P. 4(h)(1)(B).

Service here complies with Rule 4's second method of service. "The general rule is that a signed return of service constitutes prima facie evidence of valid service …." *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (per curiam) (quotations omitted). The record includes a "Proof of Service" signed by a process server named Mashariki Arceneaux "under the penalty of perjury." Dkt. 8. This document reflects that, on June 7, 2025 at 4:26 p.m., Arceneaux personally delivered copies of the summons and complaint to Anthony King at 2105 Irene St., La Marque, Texas 77568. *Id.* The document describes King as a person "designated by law to accept service of process on behalf of" Maac Logistics, and that King "identified themselves as the person authorized to accept with identity confirmed by subject reaching for docs when named." *Id.* Indeed, the Texas Comptroller's website identifies Maac Logistics's registered agent as Anthony King and its registered office street address as 2105 Irene St., La Marque, Texas 77568. *See* Tex. Comptroller of Pub. Accts., *Franchise Tax Account Status*, https://perma.cc/M8N6-WZNZ (last accessed May 20, 2026). And nothing in the return of service raises doubts regarding the proprietary of service. Because Edmonds has met his burden to show that service of the complaint and summons was made on Maac Logistics's registered agent, this Court can

7

exercise personal jurisdiction over Maac Logistics. *See, e.g., Camacho v. Sajeda Inc.*, 2025 WL 746555, at *3 (N.D. Tex. Jan. 24, 2025) (effective service where return of service established that business entity was served by personal delivery of summons and complaint to its registered agent), *adopted by* 2025 WL 746571 (W.D. Tex. Mar. 6, 2025).

## II.    <u>Default judgment is procedurally warranted.</u>

The next inquiry is whether default judgment is procedurally warranted. Six factors inform this inquiry: "[(1)] whether material issues of fact are at issue, [(2)] whether there has been substantial prejudice, [(3)] whether the grounds for default are clearly established, [(4)] whether the default was caused by a good-faith mistake or excusable neglect, [(5)] the harshness of a default judgment, and [(6)] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (numeration added).    All factors favor default judgment.

First, there are no disputed factual issues because Maac Logistics has not responded to this suit.    Edmonds's well-pleaded facts are thus taken as true. *See Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well pleaded allegations of fact ….").

Second, Maac Logistics's lack of response prejudices Edmonds by halting the adversarial process and thwarting his ability to obtain relief. *See Alvarado*

*Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 753 (N.D. Tex. 2020); *Innovative Sports Mgmt., Inc. v. Paisa's Truck LLC*, 2024 WL 625316, at *3 (S.D. Tex. Feb. 14, 2024) (prejudice where the defendant's "failure to respond threatens to bring the adversary process to a halt") (quotation omitted).

Third, grounds for default are clearly established. The Clerk of Court properly entered default after Maac Logistics failed to answer or otherwise defend. *See* Dkt. 10 (entry of default); Fed. R. Civ. P. 55 (failure to appear is grounds for default). Such a failure to defend or appear likewise permits entry of default judgment. *See United States v. $37,603.00 in US Currency*, 2021 WL 3013337, at *3 (S.D. Tex. July 16, 2021).

For the last three factors, nothing in the record indicates that Maac Logistics defaulted due to a good-faith mistake or excusable neglect. Neither does anything suggest that default judgment would be unduly harsh or vulnerable to challenge later. *See Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F. Supp. 3d 772, 781 (E.D. Tex. 2023) (default judgment was "not unusually harsh" because defendants "has ample opportunity to respond" but "failed to do so"); *see also Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008) (considerations for setting aside a default judgment are: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented") (quotation omitted). All factors indicate that default judgment is procedurally appropriate. *See, e.g., Orozco v.*

9

*SBX Logistics, LLC*, 2026 WL 886295, at *3 (S.D. Tex. Mar. 31, 2026) (analogous conclusions made default judgment procedurally appropriate in FLSA case).

### III.    <u>Default judgment is substantively appropriate.</u>

The next inquiry examines the merits of Edmonds's claims. There must be "a sufficient basis in the pleadings for the judgment [to be] entered." *Nishimatsu*, 515 F.2d at 1206. The Court evaluates whether the factual allegations in the complaint, if taken as true, would state a claim upon which relief can be granted. *United Cmty. Bank, Inc. v. Loven Bf, Inc.*, 2020 WL 5045310, at *2 (S.D. Tex. July 22, 2020), *adopted by* 2020 WL 5039496 (S.D. Tex. Aug. 26, 2020). This is a lower threshold than the standard for surviving a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Wooten*, 788 F.3d at 499-500 (allegations need only provide fair notice of the claim under Rule 8, particularly when the defaulting defendant chose to forgo moving for dismissal or a more definite statement).

Edmonds's amended complaint alleges that Maac Logistics failed to pay required minimum wages in violation of the FLSA, 29 U.S.C. § 206(a)(1)(C). Dkt. 3 at 4-5. To prevail, Edmonds must allege facts to show: (1) an employer-employee relationship existed during the unpaid minimum wage claims periods; (2) the employee engaged in activities within the coverage of the FLSA; (3) the employer violated the FLSA's minimum wage requirements; and (4) the

amount of minimum wage compensation due.  *See Punger v. Farrah Martinez, PLLC*, 2025 WL 2930299, at \*12 (S.D. Tex. Oct. 15, 2025) (citing *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014)).

For the first and second requirements, Edmonds provided enough allegations to support an employer-employee relationship under the FLSA, and to show that Edmonds's activities trigger FLSA coverage.  The FLSA defines an "employer" broadly to reach "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d); *see also McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989) (per curiam) (emphasizing that the FLSA's definition is broader than the common-law definition of employer).  In addition, to be covered by the FLSA, the employee must have either "engaged in commerce" or be employed as part of an "enterprise engaged in commerce."  29 U.S.C. § 207(a)(1).  "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection."  *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992).  For individual coverage, courts examine "whether [an employee's] work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity."  *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curiam).  Alternatively, enterprise coverage extends to a business with "employees engaged in commerce or in the production of goods for commerce, or that has

11

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and … whose annual gross volume of sales made or business done is not less than $500,000." *Montoya Garcia v. Overnight Cleanse, LLC*, 2021 WL 902494, at *5 (N.D. Tex. Jan. 22, 2021) (quotations omitted), *adopted by* 2021 WL 1012146 (N.D. Tex. Mar. 9, 2021).

According to Edmonds, Maac Logistics employed Edmonds to drive loads of cargo to its customers. *See* Dkt. 3 at 3-4; *see also* Dkt. 14-1 at 2 (Edmonds's declaration). Edmonds regularly handled and transported cargo from state-to-state. Dkt. 3 at 11-12; *see also* Dkt. 14-1 (recounting his driving multiple loads across state-lines). Taking these allegations as true, Maac Logistics qualified as Edmonds's "employer" under the FLSA by operating the business for which Edmonds worked. And Edmonds's allegations that he frequently handled and delivered cargo from state-to-state suffice to trigger individual FLSA coverage. *See Sobrinio*, 474 F.3d at 829 ("Any regular contact with commerce, no matter how small, will result in coverage.") (quotations omitted).

Moreover, Edmonds's allegations reflect that Maac Logistics willfully violated FLSA's minimum wage requirements. Section 206 provides that "every employer shall pay to each of his employees" wages of "not less than … $7.25 an hour." 29 U.S.C. § 206(a). If an employer's violation was willful, a three-year, instead of a two-year, statute of limitations applies. *Id.* § 255(a).

12

A violation is willful if the employer "knew or showed reckless disregard for …
whether its conduct was prohibited by the statute." *Singer v. City of Waco*, 324
F.3d 813, 121 (5th Cir. 2003).

Edmonds alleges that his wages "frequently fell short of the minimum
wage when dividing all weekly wages paid by all weekly hours worked …."
Dkt. 3 at 5. This was because Maac Logistics paid Edmonds on a "per-mile"
basis that did not account for all hours worked, including those spent on non-
driving tasks. *Id.* at. 4. Those allegations are supported by Edmonds's
declaration that he is owed $2,233 in unpaid minimum wages. Dkt. 14-1 at 3.
Further, Edmonds allegedly complained about Maac Logistics's pay practices,
but to no avail, and that Maac Logistics knowingly, willfully, and recklessly
carried out a "pattern or practice" of failing to pay him. *Id.* at 2, 5.

Those well-pleaded allegations support Edmonds's FLSA claim. *See, e.g.*,
*Montoya Garcia*, 2021 WL 902494, at *5 (allegations that defendant knew
about but failed to investigate the legality of its payroll practices and
intentionally refused to pay FLSA-required wages were sufficient to support
default judgment on willfulness). He is entitled to default judgment against
Maac Logistics.

## IV.    A damages hearing is necessary to award relief.

The final issue concerns Edmonds's request for unpaid wages, liquidated
damages, attorneys' fees, and costs. "A default judgment does not establish

damages, which must be supported by evidence." *United States v. Hernandez*, 794 F. Supp. 3d 456, 473 (W.D. Tex. 2025) (citing *Shipco*, 814 F.2d at 1014). The Court "may conduct hearings … when, to enter or effectuate judgment, it needs to … determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B).  An evidentiary hearing in unnecessary if those damages can be "determined with certainty by reference to the pleadings and supporting documents …." *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993).

Edmonds seeks $2,233 in unpaid minimum wages, $2,233 in liquidated damages, $3,120 in attorneys' fees, and $510 in costs.  Dkt. 14-1 at 3, Dkt. 14-2 at 2.  While Edmonds is entitled to unpaid minimum wages, liquidated damages, and attorneys' fees and costs, a hearing and further submissions are necessary to adequately quantify those figures.

### A.    Edmonds fails to substantiate his request for unpaid minimum wages.

Edmonds seeks damages in the form of unpaid minimum wages.  Dkt. 14-1 at 3.  This comports with the FLSA, which provides that an employer in violation of the statute's minimum wage provision is "liable to the employee … affected in the amount of their unpaid minimum wages …." 29 U.S.C. § 216(b).

14

Edmonds calculates that he is owed $2,233 in unpaid minimum wages based on "good faith estimations of his hours worked."[2]  Dkt. 14 at 4; Dkt. 14-1 at 3.  But he fails to show *how* he calculated this figure.  He does not provide his hours worked, his hourly rate, relevant dates, or other substantiation.  *See, e.g., Orozco*, 2026 WL 886295, at *5 (awarding damages where plaintiff provided wage damages table and affidavit as to amount of hours worked); *Vela v. M&G USA Corp.*, 2020 WL 421188, at *3 (S.D. Tex. Jan. 27, 2020) (plaintiff's declaration established unpaid hours and hourly rates).  Edmonds's conclusory assertion is insufficient.  *See Holladay v. OTA Training, LLC*, 2015 WL 5916440, at *3 (N.D. Tex. Oct. 8, 2015) ("The flaw in Plaintiff's unpaid minimum wages and overtime requests is that she provides nothing other than her own sparse declarations in support.").  A hearing is therefore required.

### B.     Liquated damages cannot be resolved at this time.

The Court's inability to resolve Edmonds's unpaid wages at this juncture also affects his request for liquidated damages.  The FLSA allows plaintiffs to recover an amount equal to their unpaid wages as liquidated damages.  29 U.S.C. § 216(b).  This award is limited "if the employer shows … that the

---

[2] The motion also states that Edmonds "calculate[ed] $8,354.78 in unpaid overtime using a blended straight time rate of $17 to $20 per hour during two-year employment." Dkt. 14 at 4.  That is plainly wrong because Edmonds has not asserted a claim for overtime wages, and his declaration attempts to substantiate only a small fraction of that figure.

[FLSA violation] was in good faith and that [it] had reasonable grounds for believing that [the violation] was not a violation of the [FLSA]." *Id.* § 260.

There is no indication that Maac Logistics acted in good faith or had reasonable grounds for believing that its actions were lawful under the FLSA. But because Edmonds has not substantiated his unpaid wages, the Court cannot resolve the interrelated amount of liquidated damages at this stage.

**C.    The Court defers determining the appropriate quantum of attorneys' fees and costs.**

Finally, Edmonds seeks attorneys' fees and costs.  Attorneys' fees and costs are recoverable under the FLSA.  29 U.S.C. § 216(b).

Edmonds's current fee application does not account for the evidentiary hearing that will need to occur.  So rather than resolve the issue of fees piecemeal, the better course is to wait until all attorney work is completed before evaluating the appropriate amount of attorneys' fees and costs.

The Court notes, however, that certain sums sought for costs are not recoverable.  "In FLSA cases, the only costs that can be awarded are those listed in 28 U.S.C. § 1920 unless 'explicit statutory or contractual authorization' provides for recovery of others." *Fernandes v. Northline Enters., Inc.*, 2022 WL 3229510, at *4 (S.D. Tex. July 25, 2022) (quoting *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010)), *adopted by* 2022 WL 3227872 (S.D. Tex. Aug. 9, 2022).  This excludes costs for postage and

private process servers, which Edmonds has included, *see* Dkt. 14 at 4.  *See Smith W. Tex. Props., Ltd. v. Allied Prop. & Cas. Ins. Co.*, 555 F. Supp. 3d 342, 348-49 (W.D. Tex. 2021) (disallowing postage costs); *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (per curiam) (noting "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920," citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997)).  But the ultimate quantum of attorneys' fees and costs will be deferred until Edmonds files an updated application after the damages hearing occurs.

### Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Alvin Edmonds's motion for default judgment (Dkt. 14) be **GRANTED IN PART**, and that Defendant M.A.A.C. Logistics LLC be found liable for violating the FLSA, but that Plaintiff's recoverable damages, attorneys' fees, and costs must await a hearing.

It is further **ORDERED** that the damages hearing will be scheduled by separate entry.  After the hearing, the Court will set a deadline for filing a renewed application for attorneys' fees and costs.

It is further **ORDERED** that Edmonds's duplicate motion for entry of default (Dkt. 15) is **DENIED AS MOOT**.

The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on May 20, 2026, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

18