**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ALVIN EDMONDS, Individually and For Others Similarly Situated, | **Case No. 4:25-cv-2270** |
| v. | Jury Trial Demanded<br>FLSA Collective Action Pursuant To 29 U.S.C § 216(b) |
| M.A.A.C. LOGISTICS LLC. | |

**EDMONDS'S RENEWED APPLICATION FOR ATTORNEY'S FEES AND COSTS**

Pursuant to 29 U.S.C. § 216(b) and the Court's instruction at the August 5, 2026 evidentiary hearing, Plaintiff Alvin Edmonds (Edmonds) files this renewed application for an award of $7,440.00 in attorney's fees and $405.00 in costs against Defendant M.A.A.C. Logistics LLC (Defendant). In support, Edmonds relies on the declaration of his counsel, Carl A. Fitz (Exhibit 1), and the itemized time records contained therein.

**1. Factual and Procedural History.**

Edmonds initiated this action on May 16, 2025, alleging Defendant violated the Fair Labor Standards Act (FLSA) by failing to pay him minimum wages. Doc. 1. Edmonds filed his First Amended Complaint on May 20, 2025. Doc. 3. Defendant was served on June 7, 2025, but never answered or otherwise appeared. Doc. 8. The Clerk entered default against Defendant, Doc. 10, and Edmonds moved for entry of a default judgment, Doc. 14.

On May 20, 2026, Magistrate Judge Ho recommended that Edmonds's motion for default judgment be granted in part, finding Defendant liable under the FLSA, but that Edmonds's recoverable damages, attorney's fees, and costs await an evidentiary hearing. Doc. 16. Judge Lake adopted the Memorandum and Recommendation on June 8, 2026. Doc. 17. The Court held an evidentiary hearing on damages on August 5, 2026, and set a deadline for Edmonds to file a renewed application for attorney's fees and costs. Edmonds now files that renewed application.

**2. Arguments and Authorities.**

***A. Edmonds is entitled to recover his reasonable attorney's fees and costs.***

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). An award of reasonable attorney's fees and costs to a prevailing FLSA plaintiff is therefore mandatory. *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016). The Court has found Defendant liable to Edmonds for violating the FLSA's minimum wage provisions. Docs. 16, 17.

***B. The lodestar supports the requested fee.***

Courts in the Fifth Circuit use the lodestar method to calculate reasonable attorney's fees. Saizan, 448 F.3d at 800. The lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. Id. There is a strong presumption that the lodestar represents a reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). The court may then consider whether the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), warrant an adjustment.

Edmonds's counsel expended 12.4 hours prosecuting this matter from its inception in May 2025 through this application. Ex. 1. That time included investigating Edmonds's claims and preparing a damages model; drafting the original and amended complaints; effecting service; two rounds of default proceedings, including the motion for default judgment and supporting declarations; attempted settlement negotiations with Defendant's officers; preparing Edmonds for, and appearing at, the August 5, 2026 evidentiary hearing; and preparing this application. *Id.* The itemized records attached to counsel's declaration describe each task performed and the time expended. *Id.*

Counsel's hourly rate of $600 is reasonable and consistent with the prevailing market rate in Houston for attorneys of comparable skill, experience, and reputation performing similar work. *See Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984); *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir.

2002). Counsel is in his ninth year of practice and has devoted his career almost exclusively to litigating wage-and-hour matters on behalf of workers. Ex. 1. The requested rate is also consistent with the "Laffey Matrix" used by many district courts to assess the reasonableness of attorney's fees. Id.

The resulting lodestar is $7,440.00 (12.4 hours × $600 per hour). No adjustment is warranted. The *Johnson* factors confirm the reasonableness of the requested award: counsel undertook this representation on a contingency basis, without any guarantee of recovery, and obtained a default judgment establishing Defendant's liability under the FLSA.

***C. Edmonds seeks only his recoverable costs.***

The FLSA also entitles Edmonds to the costs of this action. 29 U.S.C. § 216(b). In FLSA cases, recoverable costs are those enumerated in 28 U.S.C. § 1920. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). Consistent with the Court's Memorandum and Recommendation, Doc. 16, Edmonds has excluded the costs of postage and private process service from this application and seeks only the $405.00 filing fee paid to the Clerk of Court, which is taxable under 28 U.S.C. § 1920(1).

***D. Counsel Exercised Billing Judgment in this Request.***

Excluded from Counsel's requested attorney's fees are the numerous telephone calls placed by the undersigned counsel to keep the client informed, including regarding filing of the complaint, the motion for default judgment, and scheduling of the hearing on Plaintiff's motion for default judgment. The undersigned counsel maintains a practice of sending an e-mail or placing a telephone call every month to keep the client updated on matters, depending on the client's preferred method of communication. The undersigned counsel conducted numerous telephone calls with Defendant's ownership regarding their excuses for not compensating Plaintiff, and the undersigned counsel notified Plaintiff regarding each of these excuses via telephone call. Ultimately, the totality of these telephone calls between Mr. Fitz and Mr. Edmonds equal approximately 3.2 hours in time, and Mr. Fitz exercised billing judgment in excluding those hours from his request. This independently supports granting Plaintiff's request here.

**3. Conclusion.**

For these reasons, Plaintiff Alvin Edmonds respectfully requests the Court award him $7,440.00 in reasonable attorney's fees and $405.00 in costs against Defendant M.A.A.C. Logistics LLC, together with such other relief to which he may be entitled.

Date: August 20, 2026.

Respectfully submitted,

*/s/ Carl A. Fitz*
**Carl A. Fitz**
Texas Bar No. 24105863
**FITZ LAW PLLC**
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
(713) 766-4000
carl@fitz.legal

**ATTORNEY FOR EDMONDS**

## CERTIFICATE OF SERVICE

I hereby certify this Renewed Application was served on Defendant via first class mail and CMRRR at the address previously used to effectuate service in this matter.

*/s/ Carl A. Fitz*
**Carl A. Fitz**