United States District Court
Southern District of Texas
**ENTERED**
October 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Alvin Edmonds, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:25-cv-02270 |
| M.A.A.C. Logistics LLC, | § | |
| *Defendant*. | § | |

**REPORT AND RECOMMENDATION**

On June 8, 2026, this Court entered an order granting in part Plaintiff Alvin Edmonds's motion for default judgment on Defendant M.A.A.C. Logistics LLC's liability under the Fair Labor Standards Act ("FLSA"), but reserving the determination of damages, attorneys' fees and costs. Dkt. 17 (adopting Dkt. 16). On August 5, 2026, the undersigned conducted an evidentiary hearing where Edmonds presented evidence substantiating his damages. M.A.A.C. Logistics did not appear at the hearing. Later, Plaintiff filed a renewed application detailing his attorneys' fees and costs. Dkt. 21.

After carefully considering the evidence at the hearing, the arguments of counsel, the post-hearing submission, and the applicable law, it is recommended that the Court make the following findings of fact and

conclusions of law[1] and that Edmonds be awarded $4,350.00 in damages, $5,580.00 in reasonable attorneys' fees, and $405.00 in court costs.

## Findings of Fact

### I. Findings on damages

1. The following facts regarding Edmonds's damages were proved by a preponderance of the evidence.

2. Edmonds worked for M.A.A.C. Logistics from 2023 to 2025. During that time, M.A.A.C. Logistics did not pay for all the time that Edmonds worked.

3. For one trip from Texas to Pennsylvania in June 2024, Edmonds drove for 60 to 70 hours and was not paid at all.

4. Edmonds also spent three to four months in the Midland/Odessa area for M.A.A.C. Logistics. During that timeframe, M.A.A.C. Logistics failed to pay him for two entire weeks. Edmonds worked 60 to 70 hours each of those weeks.

5. Another time Edmonds drove for M.A.A.C. Logistics from Dallas to Chicago. Despite working 60 to 70 hours that week, M.A.A.C. Logistics did not pay him at all.

6. During one other week, M.A.A.C. Logistics failed to pay Edmonds for 60 to 70 hours that he spent retrieving a truck from Florida and driving it back to

---

[1] Any and all findings of fact that are more properly construed as conclusions of law are incorporated below as conclusions of law. Conversely, any and all conclusions of law that are more properly construed as findings of fact are incorporated herein as factual findings.

Houston.

7. Edmonds complained to M.A.A.C. Logistics about its failure to pay. He spoke with the company's owner, Anthony King, who brushed him off.

8. M.A.A.C. Logistics never proffered a justification for failing to pay Edmonds for the five weeks of work, at 60 hours per week, detailed above.

9. The federal minimum wage is $7.25 per hour.

10. Edmonds's outstanding unpaid minimum wages equal $2,175.00.

11. M.A.A.C. Logistics, which failed to appear and defend this case, has neither asserted nor demonstrated a good faith basis for failing to pay Edmonds the minimum wage owed.

12. Edmonds is entitled to liquidated damages in the amount of $2,175.00, which is a sum equal to the outstanding unpaid minimum wages.

**II. <u>Attorneys' fees and costs</u>**

13. After the damages hearing, and at the Court's direction, Edmonds filed a renewed application for attorneys' fees and costs. Dkt. 21.

14. For attorneys' fees, Edmonds seeks $7,440.00 for 12.4 hours of attorney time at an hourly rate of $600. *Id.* at 2-3; Dkt. 21-2 at 2-3. The fee application excludes 3.2 attorney hours expended for phone calls between counsel and client. *See* Dkt. 21 at 3.

15. Edmonds's attorney, Carl A. Fitz, is a nine-year attorney whose practice focuses on wage-and-hour litigation. Dkt. 21-1 at 3.

16. As explained *infra*, the number of attorney-hours spent on this case is reasonable. But Edmonds has not proffered sufficient evidence to justify the requested hourly rate. Instead, based on awards in comparable cases, the Court finds that the appropriate and reasonable rate in this type of case, and for an attorney with counsel's level of experience, is $450/hour.

17. The total amount of reasonable attorneys' fees that Edmonds should recover from M.A.A.C. Logistics is $5,580.00 (*i.e.,* 12.4 hours x $450/hour).

18. In addition, Edmonds incurred $405.00 in costs consisting of the filing fee. *See* Dkt. 21 at 3; Dkt. 21-1 at 4. Those costs are recoverable and should be awarded.

## **Conclusions of Law**

### I. **FLSA damages**

1. Under the FLSA, an employer must pay its employees at least $7.25 per hour for each hour worked. *See* 29 U.S.C. § 206(a)(1)(C).

2. An employer's failure to pay the required minimum wage subjects it to liability equal to the amount of unpaid minimum wages and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

3. Courts have discretion to reduce or decline to impose liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing" that its conduct did not violate the FLSA.

29 U.S.C. § 260.

4. This Court concluded that employer M.A.A.C Logistics violated the FLSA by failing to pay Edmonds the required minimum wage. *See* Dkt. 16 at 12-13, *adopted by* Dkt. 17 (granting in part motion for default judgment).

5. The total amount of unpaid minimum wages that M.A.A.C. Logistics owes to Edmonds equals $2,175.00.

6. Having failed to appear, M.A.A.C. Logistics has not met its burden to show that it acted in good faith when failing to pay Edmonds the required minimum wage. Nor has M.A.A.C. Logistics demonstrated that it had reasonable grounds to believe that its conduct complied with the FLSA.

7. Under Section 216(b), Edmonds is therefore entitled to recover an additional $2,175.00 in liquidated damages against M.A.A.C. Logistics.

**III. <u>Attorneys' fees and costs</u>**

8. The FLSA also entitles Edmonds to recover his reasonable attorneys' fees and recoverable court costs. 29 U.S.C. § 216(b); *see also Fernandes v. Northline Enters., Inc.*, 2022 WL 3229510, at *4 (S.D. Tex. July 25, 2022) (FLSA case limiting costs to those listed in 28 U.S.C. § 1920), *adopted by* 2022 WL 3227872 (S.D. Tex. Aug. 9, 2022).

9. "This Court uses the 'lodestar' method to calculate attorney's fees," which "is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate ...." *See Black v. Settlepou, P.C.*,

732 F.3d 492, 502 (5th Cir. 2013) (quotation omitted) (FLSA case).

10. The lodestar figure is presumptively reasonable. *See id.* But a district court can also "enhance or decrease the amount of attorney's fees based on the relative weights of twelve factors" in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Black*, 732 F.3d at 502 (quotation omitted).

11. For the first lodestar component, Edmonds met his burden to show that the hours billed by his attorney were reasonable. *See Black*, 732 F.3d at 502 (burden of proof). Counsel's declaration substantiates that he expended 12.4 hours working on the case, including investigating the claims, drafting filings, reviewing opinions, and preparing for and presenting evidence at the damages hearing. *See* Dkt. 21-1 at 2-3. The hours expended were commensurate with the tasks performed. Counsel also exercised billing judgment by excluding 3.2 hours spent updating Edmonds on case developments. *See* Dkt. 21 at 3.

12. For the other lodestar component, this Court applies the "hourly rate in the community for the work at issue." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The rate must reflect the amount charged "for similar services by similarly trained and experienced lawyers in the relevant legal community ...." *Villegas v. Regions Bank*, 2013 WL 76719, at *3 (S.D. Tex. Jan. 4, 2013) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)). "The fee applicant bears the burden to prove

by competent evidence that the requested rate is reasonable." *Powell v. Comm'r of Internal Revenue*, 891 F.2d 1167, 1173 (5th Cir. 1990).

13. Edmonds asserts that his attorney's hourly rate of $600 is reasonable. Dkt. 21 at 2. But his counsel offers no more than a single sentence, declaring that the rate "is reflective of the prevailing market rate for the performance of similar legal services, and is commensurate with [his] level of experience and years of practice" as a nine-year attorney working "almost exclusively" on wage-and-hour litigation matters. Dkt. 21-1 at 3. That is conclusory.

14. Edmonds also invokes the "Laffey Matrix," *id.*, which courts in this District have routinely rejected "as a guide to the reasonableness of attorneys' rates" because it fails to address the rates within the community where this Court sits. *See Novick v. Shipcom Wireless, Inc.*, 2018 WL 6079348, at *2 (S.D. Tex. Nov. 21, 2018) (collecting authorities that reject the Matrix and focus instead on prevailing market rates in the community).

15. Instead, this Court relies on previous fee awards involving similarly-qualified attorneys in similar cases filed in this division, *see, e.g.*, *Rodriguez v. Machinestation Int'l, Inc.*, 2023 WL 8602792, at *5 (S.D. Tex. Nov. 3, 2023), coupled with the Court's own "knowledge and experience" as an expert "concerning reasonable and proper fees," *see Gaskill v. Firmso LLC*, 2025 WL 297827, at *6 (S.D. Tex. Jan. 3, 2025) (quotation omitted) (FLSA case), *adopted by* 2025 WL 296342 (S.D. Tex. Jan. 24, 2025).

16. In recent years, this Court has found rates of between $400 to $500 per hour to be reasonable in comparable FLSA cases, albeit often in cases where those rates have gone unchallenged.[2] *See, e.g.*, *Ixtos v. Rice & Noodles, Inc.*, 2024 WL 3243473, at *1 (S.D. Tex. June 27, 2024) (finding $400 to be reasonable in FLSA case); *Rodriguez*, 2023 WL 802792, at *5 (accepting "unopposed hourly rate of $500 as reasonable"), *adopted by* 2023 WL 8602788 (S.D. Tex. Dec. 12, 2023); *Olivares v. Lyl Transp., LLC*, 2023 WL 6725779, at *2 (S.D. Tex. Oct. 12, 2023) ($400/hour).

17. Based on this Court's recent decisions in similar cases and the Court's familiarity with billing rates in this community—and absent evidence justifying the $600 rate beyond counsel's single unadorned assertion—the Court concludes that the reasonable hourly rate for someone of Edmonds's counsel's experience in this type of FLSA case is $450/hour.

18. The number of hours (12.4) multiplied by the hourly rate ($450/hour)

---

[2] One FLSA case used an hourly rate of $750 for a specific attorney, but stressed that the fee application was unopposed, which pretermitted any "detailed analysis of the reasonableness of the hourly rate"; the court emphasized that its use of that rate was not intended "to have any precedential value in future cases before this or any other court." *See Thomas v. Hous. Circle of Hope Servs., Inc.*, 2023 WL 2716622, at *1 & n.2 (S.D. Tex. Mar. 14, 2023), *adopted by* 2023 WL 2719444 (S.D. Tex. Mar. 29, 2023). Regardless, that rate was sought for a 25-year attorney who submitted a declaration attesting to his many recognitions and accolades. *See* Declaration of Richard J. (Rex) Burch, *Thomas v. Hous. Circle of Hope Servs., Inc.*, No. 4:20-cv-00769, Dkt. 64-3 at 2-4 (S.D. Tex. Feb. 3, 2023). Contrast that with the attorney's colleague, who had practiced for 17 years and requested only $450/hour. *See* Declaration of David I. Moulton, *Thomas*, No. 4:20-cv-00769, Dkt. 64-2 at 5.

yields a lodestar figure of $5,580.00. No adjustment of the lodestar has been sought, *see* Dkt. 21 at 3, and none is warranted. $5,580.00 is a reasonable fee award in this case.

19. Edmonds is also entitled to recover $405.00 in court costs. Under the FLSA, "costs of the action" must be awarded to a prevailing plaintiff. *See* 29 U.S.C. § 216(b). Recoverable costs are those listed in 28 U.S.C. § 1920. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). They include Edmonds's requested filing fee. *See Rodriguez*, 2023 WL 8602792, at *4 (awarding filing fee as recoverable "[f]ees of the clerk" under 28 U.S.C. § 1920(1)). M.A.A.C. Logistics therefore must pay an additional $405.00 in court costs.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT IN PART** Plaintiff Alvin Edmonds's renewed application (Dkt. 21) for attorneys' fees and costs and enter **DEFAULT JUDGMENT** awarding Edmonds the following sums against Defendant M.A.A.C. Logistics LLC:

- $2,175.00 in unpaid minimum wages;
- $2,175.00 in liquidated damages;
- $5,580.00 in reasonable attorneys' fees; and
- $405.00 in court costs.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on October 8, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge